UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00605-JHM-RSE

**JAMES ELLIS LANG**                                                                                           **PETITIONER**

**VS.**

**LADEIDRA N. JONES,**
*Chair of the Kentucky Parole Board*                                                                    **RESPONDENT**

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION

James Ellis Lang ("Lang") is a Kentucky prisoner that was convicted in Jefferson County, Kentucky, of escape in the second degree and being a persistent felony offender in the first degree ("PFO I") in 2018. Lang has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for relief from his convictions. (DN 1). Respondent Ladeidra Jones ("Jones") filed a response, seeking Lang's petition be dismissed for being time-barred. (DN 14). The Court granted Jones' request to only respond to timeliness. (DN 13). Then it construed Lang's response to Jones' motion as a reply. (DN 12).

The District Judge referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions, and recommendations on any dispositive matter. (DN 6). For the following reasons, the Court recommends Lang's petition be dismissed.

### I. Findings of Fact

Lang's convictions arise from his escape from a Department of Corrections community facility on August 8, 2012. *Lang v. Commonwealth*, No. 2020-SC-0045-MR, 2022 WL 574453

(Ky. Feb. 24, 2022). Lang was staying at Dismas Charities House ("Dismas") in Louisville as a state inmate. *Id*. On August 8, 2012, Lang left Dismas to go to work. *Id.* But Lang never reported to work and never returned to Dismas. *Id*.

Lang was arrested on September 25, 2012 and, a month later, was indicted by a Jefferson County grand jury for second-degree escape. Indictment, *Commonwealth v. Lang*, No. 12-CR-003313 (Jefferson Cir. Ct. 2017). He was later indicted in 2017 for being a PFO I. Indictment, *Commonwealth v. Lang*, No. 17-CR-001135 (Jefferson Cir. Ct. 2018).

Lang proceeded to trial, where he waived his right to trial by jury. The trial judge ultimately found him guilty of second-degree escape and, at a subsequent penalty phase bench trial, found Lang to be a PFO I. (*Id*.). Lang was sentenced to prison for twenty years, an enhancement of his five-year sentence for committing escape in the second degree. (*Id*.). The court entered its final judgment on December 3, 2018. (*Id*.).

Lang directly appealed his convictions to the Kentucky Supreme Court, raising three claims of error. (*Id*. at p. 89). The court affirmed the Jefferson Circuit Court's judgment on February 24, 2022. (*Id*.). Lang then filed a petition for rehearing, which was denied by the Kentucky Supreme Court on August 18, 2022. (DN 14-7, at p. 108).

Lang did not file a petition for writ of certiorari with the United States Supreme Court. Lang did, however, file the instant 28 U.S.C. § 2254 petition on November 20, 2023. (DN 1). On May 7, 2024, Jones filed an answer limited to the timeliness of the petition. (DN 14). The Court granted Jones' request to only respond to timeliness. (DN 13). Then the Court construed Lang's response to Jones' motion as a reply. (DN 12). Lang's response to Jones' initial motion included an argument based on an administrative order issued by the United States Supreme Court that

provided for an extended deadline to petitions for writ of certiorari from 90 days to 150 days due to the COVID-19 pandemic. (DN 12, citing *Order*, 589 U.S. ___ (Mar. 19, 2020)).

## II. Conclusions of Law

Lang asserts three grounds for relief in his § 2254 petition: (1) he acted as his own counsel during his trial without a *Faretta* hearing; (2) he was not provided a presentence investigation report; and (3) he was sentenced in abstentia without cause. (DN 1). Jones asserts that Lang's petition is time-barred by the one-year statute of limitations applicable under 28 U.S.C. § 2244(d)(1). (DN 14, at pp. 77-78). Additionally, Jones argues that Lang's claims are not entitled to equitable tolling. (*Id*. at p. 78). Lang relies on an administrative order issued by the United States Supreme Court to argue that his petition should be considered timely. (DN 12, citing *Order*, 589 U.S. ___ (Mar. 19, 2020)).

### A. The AEDPA's Statute of Limitations

Review of state court decisions is governed by Chapter 153 of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under the AEDPA, a prisoner has one year from the completion of the direct review of his case to commence a collateral attack on his conviction in federal court. 28 U.S.C. § 2244(d)(1); *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). This one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, there is no evidence in Lang's petition to suggest that the provisions of §§ 2244(d)(1)(B) through (D) apply to his grounds for relief. The Court, therefore, will only address the timeliness of Lang's petition under § 2244(d)(1)(A). The "conclusion of direct review," for purposes of § 2244(d)(1)(A), hinges on whether the prisoner filed a petition for writ of certiorari to the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). If the prisoner filed a writ of certiorari, direct review concludes when the petition is denied or the conviction is affirmed on the merits. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). If no writ of certiorari is filed, direct review concludes ninety days following the entry of judgment by the "state court of last resort" in which to file a petition for writ of certiorari. *Bronaugh*, 235 F.3d at 283 (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); Sup. Ct. R. 13).

When a petition for rehearing is filed in the lower court and later denied, the time to file a petition for writ of certiorari "runs from the date of the denial of rehearing." Sup. Ct. R. 13.3, *see generally* Sup. Ct. R. 30 (in calculating the ninety-day window in which to file a petition for a writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). For example, when a timely motion for reconsideration of a post-conviction motion is filed with a state supreme court, the AEDPA's one-year statute of limitations is tolled until the state supreme court denies the motion. *Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009) (the statute of limitations does not run during "the period in which a motion for rehearing or reconsideration of post-conviction relief is allowed by the state."). *Accord Serrano v. Williams*,

383 F.3d 1181, 1187 (10th Cir. 2004); *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001); *Nix v. Sec'y for Dept. of Corr.*, 393 F.3d 1235, 1237 (11th. Cir. 2004). *But see Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) ("Any [state] provision allowing time for a rehearing petition has no bearing on AEDPA's one-year statute of limitations."). Similarly, when a motion for reconsideration of the state supreme court's direct appeal is timely filed, AEDPA's statute of limitations does not begin to run until the motion is denied. Until then, the state supreme court judgment is not final for purposes of Rule 13.

The Supreme Court of Kentucky denied Lang's claims on direct appeal on February 24, 2022. (DN 14-6, at p. 89). After he was granted an extension by the court, Lang filed a timely petition for rehearing on March 30, 2022. Petition for Rehearing, *Lang v. Commonwealth*, No. 2020-SC-0045 (Ky. Feb. 24, 2022). The Supreme Court of Kentucky denied Lang's petition on August 18, 2022. (DN 14-7, at p. 108). Because Lang did not file a petition for a writ of certiorari with the United States Supreme Court, his conviction became final ninety days after the Supreme Court of Kentucky denied a rehearing of the case – November 16, 2022. The last day Lang could file his federal habeas petition was on November 16, 2023. Lang filed the instant § 2254 petition on November 20, 2023, four days late. Lang's § 2254 petition is, therefore, time-barred.

Lang tries to circumvent this time bar by referencing an administrative order issued by the United States Supreme Court on March 19, 2020. (DN 12, citing *Order*, 589 U.S. ___ (Mar. 19, 2020)). This administrative order extended the deadline for litigants to file a petition for a writ of certiorari due on or after March 19, 2020 from 90 days to 150 days after "the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing." *Order*, 589 U.S. ___ (Mar. 19, 2020). The impetus for this order was the COVID-19

pandemic. The March 19, 2020 Order governed until July 19, 2021, when the Supreme Court released another administrative order rescinding the deadline extension for filing petitions for writ of certiorari. *Order,* 594 U.S. ___ (July 19, 2021). Put plainly, the 150-day extension for filing a writ of certiorari only applies to cases where the deadline for seeking certiorari was after March 18, 2020 and the relevant lower court judgment was issued prior to July 19, 2021. (*Id.*).

Lang relies on the rescinded March 2020 order to argue that his petition should be considered timely. (DN 12). Although Lang makes no mention of the July 2021 order, he highlights that he filed his petition after March 19, 2020. (*Id.*). Lang argues that he should have had additional time to file a petition for writ of certiorari and, in turn, should have had additional time to file a motion for habeas corpus. (*Id.*). Even though Lang's deadline for seeking certiorari was November 16, 2022, which falls after March 18, 2020, he is not eligible for an extended deadline under the July 2021 order. The Supreme Court of Kentucky issued the order denying Lang's petition for rehearing on August 18, 2022, nearly 13 months after the July 19, 2021 cut-off. The administrative order Lang relies upon was rescinded over a year before he even received the judgment on which his petition relies. Thus, Lang's sole argument for an extension of time is inapplicable.

### B. Equitable Tolling

Lang's only hope for saving his time-barred petition is to prove he is entitled to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied only "sparingly." *Id.* A habeas petitioner is only entitled to equitable tolling if

he establishes that: (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)).

Lang does not use the phrase "equitable tolling." Even construing Lang's reply broadly, his only enumerated ground for equitable tolling is his misplaced reliance on the March 19, 2020 administrative order issued by the United States Supreme Court, which was later repealed. (DN 12, citing *Order*, 589 U.S. ___ (Mar. 19, 2020); *see Order,* 594 U.S. ___ (July 19, 2021)). Lang's confusion over whether the deadline extension applies to his case is not the type of extraordinary circumstance that would permit the Court to equitably toll the limitation period, especially because the administrative order was repealed long before the Supreme Court of Kentucky made any decision pertaining to this case. *Steward v. Wilson*, 555 F. Supp. 2d 858, 877 (N.D. Ohio 2006) (stating that "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing.") (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)). But even if Lang's reliance on the repealed order could constitute an extraordinary circumstance, Lang still fails to prove that he has been pursuing his rights diligently. Lang has put forth no meaningful argument as to equitable tolling, and the Court does not recommend it be applied to save Lang's untimely habeas petition.

## C. Certificate of Appealability

Before Lang may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing

the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000). In this case, reasonable jurists could not debate that the Court was correct in ruling that Lang's petition is time-barred since it was filed four days after the statute of limitations expired and Lang makes no viable claim for equitable tolling. The Court recommends denial of a certificate of appealability.

### III. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Lang's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1) be **DENIED.** The Court further recommends that a Certificate of Appealability be **DENIED** as to Lang's petition.

### NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd* U.S. 140 (1984).

Copies:   James Ellis Lang, *pro se*
          Counsel of Record